# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-20043-CM |
| DIEGO ARMANDO GARCIA-PALACIOS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant's Motion for Acquittal on the Basis of Insufficient

Evidence (Doc. 32).  In January 2012, a jury convicted defendant of being an alien in possession of a

firearm.  Defendant now argues that the evidence was insufficient to convict him for two reasons: (1)

defendant's confession—upon which the government's case was based—was unreliable; and (2) the

evidence linking the gun to Kansas (and thus giving this court jurisdiction over the case) was

unreliable.  Under the following analysis, the court denies defendant's motion.

### Legal Standards

In reviewing a motion for judgment of acquittal, the court views the evidence in the light

most favorable to the government.  *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999).

The court must grant a motion for judgment of acquittal when the evidence is insufficient to sustain a

conviction.  Fed. R. Crim. P. 29(a).  The court must uphold the jury's guilty verdict, however, if "any

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt."  *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v.*

*Schlunegar*, 184 F.3d 1154, 1158 (10th Cir. 1999)).  "The evidence necessary to support a verdict

need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000) (internal quotations omitted). The court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993). An inference is "reasonable" only if "logical and probabilistic reasoning" can lead to the conclusion. *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995) (citation omitted). The court does not examine the evidence in "bits and pieces," but rather evaluates the sufficiency by "consider[ing] the collective inferences to be drawn from the evidence as a whole." *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986) (citation omitted).

## Confession Reliability

Defendant contends that his confession was unreliable for five reasons:

• Defendant initially denied involvement in the shootout, pointing a finger at "Leo" instead. Defendant called Leo from the jail.

• Defendant's recollection of the number of shots fired differed from the bullets missing from the gun's magazine.

• The government failed to produce any witnesses to corroborate defendant's confession.

• Defendant could not describe the make and model of the gun.

• Defendant could not identify the seller of the gun or where he purchased it.

According to defendant, the government's case rested on his confession, and these five discrepancies demonstrate that the jury should have acquitted him.

In reviewing the jury's determination, the court must consider the evidence in the light most favorable to the government. Under this standard, the court finds all of the "discrepancies" identified by defendant to be insignificant. Defendant's admissions were against his own interests, bolstering

the reliability of the statements.  *See United States v. Smalls*, 605 F.3d 765, 767 (10th Cir. 2010).

The fact that defendant initially denied involvement does not cast doubt on this reliability.  And

defendant's inability to (1) correctly recall the number of shots fired; (2) describe the make and

model of the gun; or (3) identify the seller or location of sale is not significant.  It is reasonable that

defendant miscounted the shots fired because the evidence suggests that the shots were fired in a

hectic situation.  It is also reasonable that defendant did not know the make or model of the gun, in

light of the fact that he had only recently purchased the gun.  And because defendant is an illegal

alien and it was illegal for him to possess a firearm, it is reasonable to believe that the seller neither

gave his name nor sold the gun out of an identifiable retail establishment.  Moreover, defense

counsel brought all of these points to the attention of the jury and the jury rejected his invitation to

find the confession unreliable.  Finally, the government did offer corroborating evidence in the form

of matching spent and unspent ammunition rounds and defendant's palm prints on the gun.

Considering the evidence as a whole, the court determines that the jury properly found the confession

reliable and that it was sufficient to support a conviction.

### Jurisdiction

Defendant contends that there is no reliable evidence linking the gun—which police found in

Missouri—to Kansas.  According to defendant, the only evidence linking the gun to Kansas was

defendant's confession that he participated in a shootout in Kansas.  This evidence, defendant argues,

is unreliable.

The court has already rejected defendant's argument that his confession was unreliable.  The

court therefore considers the confession, along with the other evidence presented at trial, when

evaluating the court's jurisdiction.  First, the government presented evidence that defendant was

involved in a shooting in Roeland Park, Kansas.  Defendant fled the scene and was stopped by police

in Kansas City, Missouri.  Defendant confessed to the police that he had been in Roeland Park during the shooting incident and that he had a 9mm pistol that he had purchased from an unknown man two weeks before the shooting.  He admitted that shots were fired and that he returned fire.  Further, this testimony was corroborated by evidence that officers found live rounds stamped "FC 9mm Luger" in the console of the vehicle defendant was in.  These rounds matched spent rounds recovered at the scene in Roeland Park, Kansas.  Defendant's palm prints were also found on the firearm.

Viewing this evidence in the light most favorable to the government, it is sufficient to support the jury's verdict.

**IT IS THEREFORE ORDERED** that defendant's Motion for Acquittal on the Basis of Insufficient Evidence (Doc. 32) is denied.

Dated this 10th day of April 2012, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**